IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| LAURIE REINTS, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| BAY AREA CREDIT SERVICE, LLC, | : | |
| Defendant. | : | |

## COMPLAINT

Laurie Reints, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and the Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103. et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Laurie Reints, is a natural person now residing in Polk County, Iowa.

4. Defendant, Bay Area Credit Service, LLC (hereinafter, "Bay Area") is a debt collection agency that conducts business in Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Defendant is attempting to collect an alleged debt from Reints on an alleged credit card account. Defendant has misrepresented the urgency of returning calls to it regarding the debt.

7. Defendant had been repeatedly notified that Reints is represented by an attorney. Despite knowledge that Reints was represented, Defendant continued to contact Reintz by phone and mail. When Reints confronted BayArea with the fact it was supposed to be contacting her attorney, Reints was told her attorney was not responsible for the debt and she was responsbile. Additionally, Bay Area repeatedly contacted Reints' attorney with no legitimate purpose other than to harass Reints or her attorney and to attempt to coerce Reints to pay the alleged disputed debt.

8. Some of the calls from Bay Area were from an auto dialer that was programmed to call Reints' attorney when there was nothing new to discuss regarding the matter.

9. Reints' attorney has repeatedly explained to Bay Area the status of the account. Yet, Bay Area continued to call Reints' attorney even though there was no new information regarding the account and nothing new to talk about.

### V. FIRST CLAIM FOR RELIEF

10. All facts and allegations of this Complaint are incorporated herein by reference.

11. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692(f)(5) by repeatedly contacting Plaintiff's attorney with the true purpose of causing legal expense to Reints.

   b. Defendants violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy or harass any person at the called number.

   c. Defendants violated 15 U.S.C. § 1692(f) by engaging in unconscionable debt collection.

   d. Defendants violated 15 U.S.C. § 1692(c)(a)(2) by communicating directly with Reints when it knew or should have known she was represented by an attorney.

As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for actual and statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Ms. Reints' alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

14. With regard to attempts to collect from Ms. Reints as alleged herein, Bay Area was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

15. Defendant violated the State Act. The foregoing acts, omissions and practices of the Defendant were in violation of Iowa Code § 537.7103, including but not limited to:

    a. Defendant violated Iowa Code § 537.7103(4)(e) by repeatedly contacting Plaintiff's attorney with the true purpose of causing legal expense to Reints.

    b. Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy or harass any person.

    c. Defendant violated Iowa Code § 537.7103(1)(f) by taking an action, or threatening to take an action prohibited by Iowa Code chapter 537.7103 or any other law.

    d. Defendant violate Iowa Code chapter 537 by engaging in unconscionable debt collection.

    e. Defendant violated Iowa Code § 537.7103(5)(e) by communicating directly with Reints when it knew or should have known she was represented by an attoreney.

16. As a proximate result of the unfair debt collection, Defendant is liable to the Plaintiff for actual and statutory damages, costs, and attorney's fees.

## VII. RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A. Actual damages;

    B. Statutory damages pursuant to 15 U.S.C. § 1692k.

    C. Statutory damages pursuant to Iowa Code § 537.5201(1).

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

5

E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*/s/ Ray Johnson*

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com

5